UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JONATHAN ALVAR,

    Plaintiffs,

vs.                                                        **JURY TRIAL**

NO PRESSURE ROOF CLEANING LLC,
a Florida Limited Liability Company, and
and PAUL B. GUITARD, an
individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JONATHAN ALVAR, by and through his undersigned attorney, files this Complaint for Damages against Defendants, NO PRESSURE ROOF CLEANING LLC (hereinafter "NO PRESSURE") and PAUL B. GUITARD, and upon information and belief states:

## INTRODUCTION

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA") owed to Plaintiff JONATHAN ALVAR.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the Defendants' enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendant NO PRESSURE has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

4. Defendant NO PRESSURE's business consists of providing roof cleaning services..

5. Upon information and belief, the Defendant NO PRESSURE has the requisite $500,000 in annual gross volume of sales made or business done for each year of liability.

6. This Court has jurisdiction over the parties and the subject matter of this litigation.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida

**<u>VENUE</u>**

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this District because:

a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and

b. Defendant NO PRESSURE was and continues to be a company doing business within this judicial circuit.

## PARTIES AND FACTS

10. At all times material hereto, Plaintiff JONATHAN ALVAR (hereinafter "Plaintiff" or "ALVAR"), was and continues to be a resident of Palm Beach County, Florida, and was employed on an hourly wage spray technician within the meaning of the FLSA for Defendants NO PRESSURE and PAUL B. GUITARD for their roof cleaning business in Palm Beach County, Florida from on or about October 2013 until his separation from employment on or about May 8, 2017.

11. At all times material hereto, Defendant NO PRESSURE was conducting business in Palm Beach County, Florida, with its principal place of business in Loxahatchee, Florida.

12. At all times material thereto, Defendant PAUL B. GUITARD (hereinafter "GUITARD"), who resides in the Southern District of Florida, was, and still is, the owner and/or operator of Defendant NO PRESSURE and was involved in the day-to-day operation of the Defendant company, and/or supervised the work of Plaintiff.

13. At all times material hereto, Defendant GUITARD, made decisions directly involving the hiring of spray technicians, setting their pay rate, determining their work schedule, and ultimately terminating employees. Thus, Defendant GUITARD was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. §203(d).

14. Defendant NO PRESSURE is a Florida limited liability company.

15. At all times material hereto, the Defendants NO PRESSURE and GUITARD were and continue to be the employers of Plaintiff ALAVAR within the meaning of the FLSA.

16. At all times material, during Plaintiff's employment with Defendants NO PRESSURE and GUITARD, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized tools and equipment that were manufactured in other states outside of Florida.

17. At all times material hereto, Defendants NO PRESSURE and GUITARD knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

18. The Defendants NO PRESSURE and GUITARD committed an unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, Defendant NO PRESSURE was and continue to be an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant NO PRESSURE is a Florida limited liability company doing business throughout South Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s) (1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees

subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, NO PRESSURE operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and NO PRESSURE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business run by Defendants NO PRESSURE and GUITARD.

21. Plaintiff ALVAR has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

22. From or about October 2013 until on or about May 8, 2017 Plaintiff ALVAR was employed by the Defendants as a spray technician.

23. Plaintiff ALVAR was paid an hourly wage between $10 and $15 per hour.

24. During the time that Plaintiff ALVAR worked, he worked over 40 hours per week for some of those weeks for which he was not paid overtime. To the best of Plaintiff's recollection, he worked between Sixty-Five (65) and Seventy (70) Hours a week in 2014 and 2015 and about Sixty (60) Hours a week thereafter.

25. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

26. Defendants time keeping practices do not comply with the FLSA because Plaintiff was not paid for certain pre-shift and post-shift activities that were required to be performed by Defendants, are not *de minimis,* and ultimately are compensable because the work performed benefits the Defendants' business.

27. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend the Complaint for Damages to set forth the precise amount due them.

28. Plaintiff has retained the Law Office of Rose H. Robbins, J.D. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME) BY PLAINTIFF ALVAR AGAINST DEFENDANTS ALL PRESSURE AND GUITARD

29. Plaintiff ALVAR, repeats and realleges Paragraphs 1 through 28 as if fully set forth herein.

30. During Plaintiff's employment, Plaintiffs worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

31. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

32. Defendants paid the Plaintiffs only their regular hourly rate for the hours in excess of forty (40) hours worked in a workweek.

33. Defendants failed to pay Plaintiff for some hours worked each week which were pre-shift and post-shift.

34. Defendants owe the Plaintiffs their additional half time rate for hours worked in excess of 40 hours in a workweek where they received their regular hourly rate and the full one and one-half rate for hours worked in pre-shift and post-shift.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendants NO PRESSURE and GUITARD, willfully, knowingly, and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

37. By the actions alleged above, Defendants willfully violated the FLSA by deliberately failing to pay overtime.

38. Due to the unlawful acts of the Defendants, Plaintiff has suffered damages of unpaid overtime wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff ALVAR respectfully request that judgment be entered in his favor against the Defendants NO PRESSURE and GUITARD:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207 as to Plaintiff;

    b.    Awarding Plaintiff adequate overtime compensation in the amount calculated for 3 years prior to the institution of this lawsuit;

    c.    Awarding Plaintiffs liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE) BY PLAINTIFF ALVAR AGAINST DEFENDANTS NO PRESSURE AND GUITARD

40.    Plaintiff ALVAR repeats and realleges Paragraphs 1 through 39 as if fully set forth herein.

41.    On many occasions during his years of employment and in particular on or about December 2016, Walker complained to his employer of a discrepancy in his paycheck and also that he was not being paid overtime. At that time, the Defendant GUITARD called the police and had Plaintiff removed from the premises. Plaintiff was subsequently brought back to work and a new record-keeping device was installed at the premises of Defendants.

42. After that incident, Plaintiff noticed a change in his treatment by Defendant GUITARD and Plaintiff was ultimately terminated on or about May 8, 2017 on the pretext of his not calling in when he was sick one day.

43. There is a direct causal relationship between ALVAR having informing Defendants of his overtime claim against them and the abrupt termination of his services several months thereafter since there are no justifiable reasons for Defendants' adverse employment action.

44. The motivating factor which caused Walker's discharge as described above was the notice to Defendants of ALVARs right to overtime wages. In other words, ALVAR would not have been discharged but for his complaint to Defendants for overtime wages.

56. The Defendants' termination of ALVAR was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, ALVAR has been damaged.

57. Despite diligent efforts ALVAR was unable to find work for about two weeks after being fired.

WHEREFORE, Plaintiff ALVAR respectfully requests that judgment be entered in his favor against the Defendants NO PRESSURE and GUITARD:

a. Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

b. Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

d. Awarding Plaintiff liquidated damages in the amount calculated;

e.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.  Awarding Plaintiff post-judgment interest; and

g.  Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 12, 2017
Boca Raton, Florida

> Respectfully submitted,
>
> LAW OFFICE OF ROSE H. ROBBINS, J.D.
> 2255 Glades Road, Suite 324A
> Boca Raton, FL 33431
> Phone: (954) 946-8130
> Fax: (954) 301-2200
> robbinslawoffice@icloud.com
> Attorney for Plaintiff
>
> By:  *S/ Rose H. Robbins, J.D.*
>      ROSE H. ROBBINS, J.D.
>      FBN:  694568