**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-80725-MARRA/Matthewman**

JONATHAN ALVAR,

    Plaintiff,

v.

NO PRESSURE ROOF CLEANING, LLC
and PAUL B. GUITARD,

    Defendants.

_____/

**<u>OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>**

Plaintiff, JONATHAN ALVAR and Defendants, NO PRESSURE ROOF CLEANING, LLC and PAUL GUITARD, pursuant to S. D. Fla. L. R. 7.1(A)(j), hereby file this Opposition to Plaintiff's Motion to Compel and state as follows:

1. On or about January 22, 2018, Plaintiff filed a Motion to Compel Better Responses to Discovery for Defendants' Responses to Request to Produce and Interrogatories. (DE 31).

2. In the Motion, Plaintiff represents "summary of conferral conferences," however, proper conferral as required by Local Rule 7.1(a)(3), Fed. R. Civ. P. 37, and this Honorable Court's Order Setting Discovery Procedure (DE 20).

3. Specifically, Defendant provided responses to the Requests to Produce and Interrogatories on or about December 22, 2017.

4. Subsequently, Plaintiff generally informed Defendant that Plaintiff had "issues" with the discovery responses. In response, Defendant asked Plaintiff to identify the issues so that Defendant could address.

5. On or about Friday January 19, 2018, Plaintiff's counsel called Defendant's counsel to discuss the discovery. That same day, and prior to her attempt to call, Plaintiff's counsel sent Defendant's counsel by email a "draft Motion to Compel."

6. In a voicemail to Defendant's counsel that same day, Plaintiff's counsel explained that because she could not reach Defendant from that call, she would proceed with filing the Moti)n to Compel.

7. However, and as already explained to Plaintiff's counsel that day, Defendant's counsel was traveling and out of the office that day. In fact, Defendant's counsel had asked Plaintiff's counsel for availability to discuss the Friday email on Monday, January 22, 2018. Plaintiff's counsel advised she could not wait until Monday.

8. Defendant's counsel called Plaintiff's counsel back that same day (January 19, 2018), but got the voicemail. In a voicemail message, Defendant's counsel explained she was driving, but asked Plaintiff's counsel for availability or a call back to discuss the "concerns" with discovery to avoid a Motion to Compel. In the voicemail, Defendant advised it would not object to timeliness if the parties could not reach a resolution a Motion to Compel needed to be filed later, and advised of the opinion that the deadline could be extended without Court order while the parties confer in good faith (as per Local Rule 26.1(g)).

9. Plaintiff's counsel did not call back to discuss, and instead, proceeded with filing this Motion to Compel.

10. To that end, Defendant contends the Motion to Compel must be denied for Plaintiff's failure to comply with Local Rule 7.1(a)(3), Fed. R. Civ. P. 37, and this Honorable Court's Order Setting Discovery Procedure (DE 20, regarding pre-hearing communication). More specifically, this Honorable Court's discovery order requires the parties to confer in person or by phone for a discovery dispute, which did not happen here.

11. Additionally, Plaintiff's Motion should also be denied to the extent that it violates this Honorable Court's Order Setting Discovery Procedures insofar as it is longer than five (5) pages.

12. Finally, the Motion must be denied because it is moot. More specifically, and on or about January 26, 2018, Defendant filed Amended Responses to Requests to Produce and Interrogatories.

## MEMORANDUM OF LAW

## I.    PLAINTIFF FAILED TO COMPLY WITH COURT ORDER, LOCAL RULES, AND FEDERAL RULES REGARDING MOTION TO COMPEL

As provided by Local Rule 7.1(a)(3), Fed. R. Civ. P. 37, and this Honorable Court's Order Setting Discovery Procedure (DE 20), Plaintiff must confer in good faith prior to filing a Motion to Compel. This Honorable Court's Order Setting Discovery Procedure broadens those obligations to require conferral must be in-person or by telephone. Neither happened here, and for that reason alone, Plaintiff's Motion must be denied.

Additionally, this Honorable Court's Standing Order (DE 20) sets page limitations for Motions to Compel at five (5) pages. Plaintiff's Motion is thirteen (13) pages. For this further reason, the Motion must be denied.

## II.   PLAINTIFF'S MOTION IS MOOT

On or about January 26, 2018, Defendant filed Amended Responses to the Requests to Produce and Interrogatories, making Plaintiff's Motion moot. Moreover, and despite Plaintiff's failure to properly initially confer on the discovery, Defendant has indicated to Plaintiff agreement to continue conferrals in an effort to resolve without further Court intervention.

WHEREFORE, for the grounds set forth above, the parties hereby request that the Court deny Plaintiff's Motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on January 26, 2018, to those on the attached Service List.

s/Lindsey Wagner
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Lindsey Wagner, Esq.
Florida Bar No. 86831
Primary e-mail: LWagner@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone:    (561) 653-0008
Facsimile:     (561) 653-0020
Secondary Address:  101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com

## SERVICE LIST
Case No. 17-cv-80725-MARRA/Matthewman

Rose H. Robbins, Esq.
Florida Bar No. 694568.
LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Phone: (954) 946-8130
Fax: (954) 301-2200
robbinslawoffice@icloud.com