UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80725-CV-MARRA/MATTHEWMAN

JONATHAN ALVAR

    Plaintiff,

v.

NO PRESSURE ROOF CLEANING,
LLC, a Florida Limited Liability Company,
and PAUL B. GUITARD, an individual,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY AGAINST BOTH DEFENDANTS [DE 31]

**THIS CAUSE** is before the Court upon Plaintiff, Jonathan Alvar's ("Plaintiff") Motion to Compel Better Responses to Discovery against Both Defendants ("Motion") [DE 31]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 19. The undersigned then issued an Order Setting Discovery Procedure [DE 20].

### I. Background

The Motion was filed on January 21, 2018. Defendants, No Pressure Roof Cleaning, LLC and Paul B. Guitard ("Defendants"), filed a response on January 26, 2018. [DE 34]. Plaintiff filed his Reply on January 31, 2018. [DE 35]. On February 1, 2018, the Court entered an Order Setting Hearing and Requiring Further Conferral and Filing of Joint Notice. [DE 36]. The parties were able to narrow down some of the disputed issues and filed a Joint Notice on February 14,

1

2018. [DE 37]. On February 21, 2018, the parties requested that the hearing scheduled for February 22, 2018 be continued because the parties were still conferring and trying to narrow the issues for adjudication. [DE 38]. The Court granted the continuance and entered an Order requiring the parties to file a joint notice by March 1, 2018, advising the Court whether the discovery dispute has been resolved, and, if not, what specific issues remain for determination by the Court. [DE 29]. The parties filed their Second Joint Notice on March 1, 2018 which specified the remaining discovery disputes. [DE 40].

The Court has carefully reviewed Plaintiff's Motion to Compel Better Responses to Discovery against Both Defendants [DE 31], as well as the Response [DE 34], the Reply [DE 35], and the first and second Joint Notice [DE 37; DE 40]. The Court finds that a hearing is not necessary and shall resolve this matter on the papers submitted by the parties. The Second Joint Notice [DE 40] limits the discovery disputes to three interrogatories and two requests for production.

## II. Legal Standard and Analysis

Federal Rules of Civil Procedure 33(a)(2) and 34(a) allow a party to pose interrogatories related to any matter into which Rule 26(a) allows inquiry, and to request the production of any documents that fall with the scope of Rule 26(b). Fed. R. Civ. P 33(a)(2); Fed. R. Civ. P. 34(a). If the opposing party objects to interrogatories or requests, the requesting party may then file a motion to compel production pursuant to Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(a)(1). The Court has broad authority to control the scope of discovery, however, the Federal Rules "strongly favor full discovery whenever possible." *Rivera v. 2K Clevelander, LLC,* No. 16-21437-CIV, 2017 WL 5496158, at *1 (S.D. Fla. Feb. 22, 2017) (citing *Josendis v. Wall to Wall*

*Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011); *Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985)). Although the scope of discovery is broad, an opposing party may object to a request that is unreasonable or otherwise unduly burdensome. *Rivera*, 2017 WL 5496158, at *1.

The burden is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or unduly burdensome. *Id.* (citing *Rossbach v. Rundle*, 128 F.Supp. 2d 1348 (S.D. Fla. 2000)). Boilerplate objections and generalized responses are improper. *Id.* (citing *Alhassid v. Bank of America*, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015)). Objections which simply state that a request is "vague, overly broad, or unduly burdensome" are meaningless and without merit. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-81600-CIV, 2017 WL 878704, at *1-2 (S.D. Fla. March 23, 2017). Further, generalized objections asserting "attorney-client privilege or work product doctrine also do not comply with local rules." *Id.* at 401. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. *Id.* Additionally, Local Rule 26.1(e)(2)(C) and Federal Rule of Civil Procedure 26(b) require the preparation of a privilege log. *See* Fed. R. Civ. P. 26(b); S. D. Fla. L.R. Rule 26.1(e)(1)(C). A party's failure to prepare and serve a privilege log as to pre-suit communications can result in a waiver of any work-product privilege as to responsive documents created prior to the commencement of the suit. *Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013).

### a. Interrogatory No. 2

Interrogatory No. 2 seeks the names and last known addresses of all employees and/or independent contractors of Defendant, with job duties similar to those of Plaintiff, both those currently employed, and those terminated within the Relevant Time Period, including the date each employee was hired and terminated, if applicable. [DE 40, pg. 1]. Defendants' objections to Interrogatory Number 2 are improper boilerplate objections per Local Rule 26.1(e)(2)(A). Defendants object to the Interrogatory because it is "overbroad and unduly burdensome because there is no limitation of time and scope," but Plaintiff has already delineated the relevant time period in the interrogatories as June 12, 2014 through June 12, 2017, a specific time period of three years. Accordingly, Defendants' objections are overruled and Plaintiff's Motion to Compel Better Answers to Interrogatory No. 2 is **GRANTED.**

### b. Interrogatory No. 9

Interrogatory 9 requests a full and specific description of Defendants' defenses to each category of costs, expenses, and damages attributed to each claim. The interrogatory requests that Defendants provide a full and specific explanation of how the damages referred to in the Complaint and Answer/Affirmative Defenses were calculated, and every fact upon which Defendants based their damage calculations and allegations regarding the amount of damages claimed by Plaintiff. It also requests that Defendants identify all persons with knowledge or information concerning the above and all documents relating to or reflecting the answer to this interrogatory. [DE 40, pg. 2]. Defendants' objections to Interrogatory Number 9 are also improper. Defendants claim that the Interrogatory is "unclear" as to the damages Plaintiff is referencing, however, Plaintiff's position in the parties' Joint Notice is quite clear and designates

4

the relevant time period as June 12, 2014 through May 8, 2017. *See* DE 40, pg. 2. The information which Plaintiff seeks, including paystubs, time records, and information pertaining to the rate of pay for each of Plaintiff's paychecks and the dates covered by each pay period, is relevant and proportional to the needs of this case. Defendants' objections are overruled and Plaintiff's Motion to Compel Better Answers to Interrogatory No. 9 is **GRANTED.**

### c. Interrogatory No. 14

Interrogatory 14 requests that Defendants describe, with as much detail as possible, the understanding during Plaintiff's employment with Defendants, how he was paid, including how the amount of pay was arrived at, and what the payment was to compensate. [DE 40, pg. 3]. The Court finds that the information requested by Plaintiff in Interrogatory Number 14 is relevant and proportional to the needs of this case. The method of Plaintiff's payment, the amount of pay, and the work for which he was compensated are all relevant to Plaintiff's claims. Plaintiff's Motion to Compel Better Answers to Interrogatory No. 14 is **GRANTED.**

### d. Request for Production No. 11

Request for Production 11 seeks Defendants' tax returns from 2014. [DE 40, pg. 2]. Defendants have objected to this Request as "vague, overbroad, unduly burdensome, and seeking irrelevant information." [DE 31, pg. 7]. Defendants also argue that the request seeks private and confidential business information. *Id.* A party should not be required to produce income tax returns absent a showing of compelling need. *Bonachea-Perez v. Ore Seafood, Inc.*, No. 10-24603-CIV, 2011 WL 13223515, at *3 (S.D. Fla. July 29, 2011) (citing *Camp v. Correction Med. Serv.*, No. 2:08cv227-WKW, 2009 WL 424723 at *2 (M.D. Ala. Feb. 17, 2009) (citing *Dunkin' Donuts Inc., v. Mary's Donuts*, Inc., 2001 WL 34079319 at *2 (S.D. Fla.

Nov. 1, 2001))). However, because the relevant time period at issue begins in June, 2014, the Court finds that Plaintiff has shown that there is a compelling need for the 2014 tax returns of Defendants. The tax returns are relevant and proportional to the needs of this case in order to determine whether Defendants are subject to FLSA enterprise coverage for the year 2014. Defendants' objections are overruled and Plaintiff's Motion to Compel Better Answers to Request for Production 11 is **GRANTED.**

### e. Request for Production No. 14

Request for Production 14 seeks any and all documents, statements, timesheets, receipts, and other documentation utilized in calculating the amount of damages set forth in the Complaint. [DE 40, pg. 3]. Defendants object by arguing that the documents sought are protected by work-product and attorney-client privilege. *Id.* Defendants have not attached a privilege log, as required by Local Rule 26.1(g)(3)(B) and Federal Rule of Civil Procedure 26(b). Thus, Defendants have waived work-product privilege as it relates to pre-suit communication. *See Devires v. Morgan Stanley & Co., LLC,* No. 12-81223-CV, 2013 WL 3243370, at *3 (S.D.Fla Jun. 26, 2013), *Blake v. Batmasian,* No. 15-CV-81222, 2016 WL 1594188, at *2 (S.D.Fla. Apr. 15, 2016). Further, because Defendants claim attorney-client privilege, Defendants bear the burden of establishing that the privilege applies. *Stephens v. Dairyland Ins. Co.,* No. 5:12-CV-442-OC, 2013 WL 1810805, at *1 (M.D. Fla. Apr. 30, 2013) (citing *Southern Bell Tel. & Tel. Co. v. Deason,* 632 So.2d 1377, 1383 (Fla.1994)). Defendants have simply objected to Request for Production No. 14 by claiming privilege without any further explanation. *See* DE 40, pg. 3. Thus, Defendants have not established that the attorney-client privilege applies to the documents requested by Plaintiff. Accordingly, neither work-product nor attorney-client

privilege apply to the requested information at this juncture. Defendants' objections are overruled and Plaintiff's Motion to Compel Better Answers to Request for Production 14 is **GRANTED.** However, in the interests of justice, if Defendants believe in good faith that certain documents covered by this request fall within the ambit of the attorney-client privilege or work-product privilege, they shall have until or before **March 15, 2018** to file a proper privilege log in compliance with Local Rule 26.1(g)(3)(B). As to any specific documents Defendants assert are covered by such privilege, Plaintiff shall be permitted to challenge such a claim of privilege if Plaintiff has a good faith basis to do so.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Responses to Discovery against Both Defendants [DE 31] is **GRANTED**. Defendants shall produce the requested discovery to Plaintiff on or before **March 20, 2017.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of March, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE